The Chancellor.
The counsel for the complainant is clearly wrong in supposing that the corporation, by the provisions of its charter, is bound to construct a viaduct for the complainant, under the track of the rail-road, at the point designated in his bill, or at any other point. The statute having vested the title and possession of the land, taken for the purposes of the rail-road, in the corporation, the tenth section of the act of 1838 was necessary to give to the owner of the adjacent lands the right to pass over the land thus taken, and to cross the rail-road, without being a trespasser. The corporation, therefore, is bound to permit the owners of the adjacent lands to cross the rail-road at convenient and necessary crossing places. But it is not bound to construct viaducts or embankments for that purpose, except such as were designated upon the profile and map of the road, referred to in the third section of the act of April, 1838. (Laws of 1838, p. 283.) That section provides that upon the application to the judge to appoint the jury of appraisers, the corporation shall annex to its petition a map, plan, and profile of the road. The object of requiring this map, plan, and profile of the road was, undoubtedly, to apprise the owners of the lands to be assessed of the manner in which the road was intended to be constructed, in reference to the height of its embankments, or the depth of its excavations, and in reference to culverts, viaducts, &<s. as well as to the courses of the track; to enable the jury properly to estimate the damage *498 which would probably be done to the owner of the land taken, for the construction of the road in the manner contemplated by such plan, or profile, as well as the value of the land itself. And if such plan and profile, annexed to the petition of the corporation, showed that the road was to be constructed with a viaduct, at a particular point, for the convenient passage of the owner of the lands which should be severed by the construction of the rail-road, or with a bridge to' be erected over such road for the same purpose, it would be proper for the jury to assess the damages with reference to such plan of construction. In the case supposed, if the corporation afterwards attempted to deprive the land owner of the benefit of the contemplated viaduct, or other artificial crossing place, it would be the duty of this court to interfere for his relief, in case he had no sufficient remedy at law. The court, in a case of that description, would consider the map, plan, and profile, a part of the petition. And the rights of the parties would be the same as.if the petitioners had prayed for an assessment of the damages, and that the title to the land might be vested in the corporation for the purpose of making a rail-road thereon, upon the plan thereto annexed, and with the accommodations for crossing the same, by the owner of the lands taken, as specified in that plan. In other words, their rights would be the same as if-the rail-road company had been authorized to take the land for the purpose of constructing a rail-road upon that particular plan, and as if the statute had directed the jury to estimate the damage to the landowner in reference to a rail-road constructed in that manner. But if the jury were not called upon and required to assess the damages in reference to such a plan of construction, the fact that the applicants for the rail-road had represented to the legislature that they intended to construct the rail-road in a particular manner, not specified in or referred to by the subsequent act of incorporation, would not entitle the owner of the lands, severed by the rail-road, to insist that such a crossing place should be constructed for him, by the company. (North British Railway v. Tod, 4 Rail. Cas. 449.)
In the case under consideration, it is not alleged that the plan *499 and profile of the rail-road, annexed to the petition, showed that the road was to be constructed with a viaduct for the passage of the complainant, from his bam and lots on the north side of the track, to his spring on the south side thereof; or that it appeared, by the map and profile and plan of the road, to be a part of the plan that the road, generally, was to be constructed with viaducts, bridges, and side embankments, for the purpose of enabling the owners of lands which should be severed by the rail-road to pass conveniently from one side of the road to the other. The jury, therefore, in the assessment of the damages, where there was no valid and binding agreement between the corporation and the landowners, should have proceeded upon the ground that where any viaducts, bridges, or other artificial facilities would be necessary for the convenient crossing of the rail-road, the land owners themselves would have to be at the expense of erecting them, or must submit to the inconvenience of crossing the rail-road at some other place, where the grade of the road would enable them to do so. The jury, in the present case, must legally be presumed to have acted upon that principle, in assessing the plaintiff’s damages. Although it is alleged that the counsel and agents of the corporation contended before the jury that the company was bound to make proper crossing places, to induce the jury to give a less amount of damages than was claimed by the complainant, the reasonable presumption is that his counsel insisted the law was otherwise; to induce the jury to enhance the damages, for the injury which the complainant would sustain by the taking of his land, and the construction of the road. The presumption therefore is, that the jury assessed the damages according to the legal rights of the parties. And the jurors cannot be received to impeach their assessment, by showing that they mistook either the law or the facts of the case. Nor can this court grant relief, to either )f the parties to the assessment, upon that ground.
The bill also states that the counsel and agent for the corporation contended before the jury, that a viaduct would be made for the complainant’s accommodation, whether the company was legally bound to make it or not. But I do not understand the *500 complainant as intending to allege that any agreement was made with him that- such a crossing place should be constructed for his accommodation; or that he. or his counsel consented that the jury should assess his damages upon any such prim' ciple. And if such an agreement was made, the proper remedy of the complainant, for the breach of the agreement,, was by. an action at law; in which-hé would recover the full compensation that the jury ought to have awarded him if no such agreement had been.made. This may be a hard case for the complainant, and. the jury who assessed the damages may, from their ignorance of their duty, have done him injustice. But I- do not find any allegation in the bill that the damages assessed to him were not in fact the full value of the land taken, and- a. fair and.adequate compensation for all the injury he has-sustained, or will sustain, by the making of the rail-road through his farm in. the manner, specified in the map, plan and profile annexed to the petition, presented to the judge under whose superintend dence the jury was drawn and empannelled.
The demurrer,, therefore, must be allowed. And' the bill must be dismissed with costs, but without prejudice to. the complainant’s-.rights,: if. he has- any, at law.